UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENIS JOSSUE RIVAS AMAYA
(A#708-577-505),

          Petitioner,

   v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

          Respondent.

No.  1:26-cv-00884-DJC-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Because petitioner's § 1226(c) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends denying the petition.

**I.    Factual and Procedural History**

Petitioner is a native of El Salvador and currently detained at the Golden State Annex, within this judicial district.  ECF No. 1 at 2, 5.  Petitioner entered the United States on an unknown date in 2017 and was later granted asylum.  ECF No. 1 at 5.  On May 19, 2023, petitioner was convicted of two counts of First Degree Residential Burglary with a Person Present in violation of California Penal Code § 459.  See ECF No. 10-2 at 4-5.  He was sentenced to serve

1

six years in prison.  ECF No. 10-2 at 4.  After his release from state prison, petitioner was detained by Immigration and Customs Enforcement ("ICE") on January 26, 2026.  Id.  In his § 2241 petition, he alleges that his prolonged detention without an individualized bond hearing violates his Fifth Amendment right to due process.  Id. at 6-17.

Respondent asserts that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his convictions for two counts of burglary in violation of California Penal Code § 459.  ECF No. 10.  While respondent concedes that petitioner was granted asylum, he was served with a Notice of Intent to Terminate Asylum Status on January 26, 2026 based on his 2023 convictions for First Degree Residential Burglary resulting in a six year prison sentence.  ECF No. 10-1.  Respondent asserts that these convictions render petitioner subject to mandatory detention pursuant to 8 U.S.C. §§ 1226(c)(1)(A), 1226(c)(1)(B), and 1226(c)(1)(E) based on the nature and seriousness of the crimes.  ECF No. 10 at 3-4.  According to respondent, petitioner's reliance on Demore v. Kim, 538 U.S. 510 (2003), does not justify relief in this case because petitioner has not been detained in excess of six months.  ECF No. 10 at 5.  Respondent explains that petitioner's detention has a "definite" termination point when his removal proceedings conclude.  Id. at 4-5.

On February 11, 2026, the District Judge in this case denied petitioner's motion for a temporary restraining order after concluding that petitioner did not demonstrate a likelihood of success on the merits of his § 2241 petition.  ECF No. 11.

## II.    Applicable Detention Statute

The statutory framework governing immigration detention is complex.  "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  Respondent argues that petitioner is subject to mandatory detention under various subsections of § 1226(c) based on his two 2023 burglary convictions for which he was sentenced to six years in prison.  Respondent is correct that petitioner's detention is mandatory under § 1226(c)(1)(A) because he has been convicted of an "offense covered in section 1182(a)(2) of this title;

2

specifically, he has been convicted of "2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or more." 8 U.S.C. §§ 1226(c)(1)(A) and 1182(a)(2)(B).[1] See ECF No. 10-2 at 4-7.

### III.    Legal Standard

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

There is no binding Circuit precedent on the appropriate test or standard to apply to an as-applied challenge to prolonged detention claims. While observing "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)," the Ninth Circuit has expressly declined to address "[w]hether due process requires a bond hearing" in such situations. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). But it has previously expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."

---

[1] Having determined that petitioner's burglary convictions constitute an aggravated felony under immigration law, the Court finds it unnecessary to determine whether petitioner is also subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) and (E), as respondent contends. However, the Court notes that United States v. Ramos-Medina, 706 F.3d 932, 936-37 (9th Cir. 2013), which respondent relies on as to § 1226(c)(1)(B), is no longer good law in light of Sessions v. Dimaya, 584 U.S. 148 (2018).

3

Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).

The undersigned finds Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for evaluating prolonged detention issues.  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.

### IV.    Analysis

#### A.    As-Applied Framework

The undersigned construes the petition as raising an as-applied, procedural due process challenge to the constitutionality of petitioner's detention under § 1226(c)(1)(B).  Although the Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, it did so with the understanding that such detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal."  Demore, 538 U.S. at 513, 529 n.12, 530. Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court expressly recognized the right to bring as-applied challenges to the mandatory detention under § 1226(c): "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it."  Preap, 586 U.S. at 420.  Since Demore and Preap, "[c]ourts in the Ninth Circuit routinely review as-applied constitutional challenges to § 1226(c) detention."  Jose G. M. L., 2026 WL 472987, at *3 (collecting cases).

#### B.    Procedural Due Process

Petitioner undoubtedly has a liberty interest in "'freedom from prolonged detention' [that] is 'unquestionably substantial.'"  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011)).  However, petitioner has been detained for three months in total.  In Demore, the Supreme Court held the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average."  538 U.S. at 530-531.  Further, although the Ninth Circuit has not pinpointed when

mandatory detention under § 1226(c) becomes prolonged, it has referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted); see also Zadvydas, 533 U.S. at 701 (recognizing a "6–month period" of presumptively reasonable postremoval-period detention). Therefore, given that the duration of petitioner's detention is still within the range contemplated in Demore, the undersigned finds that it does not yet trigger a protected liberty interest from prolonged detention.

However, petitioner still retains a general liberty interest in freedom from detention which "lies at the heart of the liberty [the Due Process Clause] protects.'" Zadvydas, 533 U.S. at 690. But applying the Mathews factors to that private interest, the relatively short duration of petitioner's § 1226(c) detention significantly diminishes its strength. "[T]he longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the 'brief' period authorized in Demore, the harder it becomes to justify without conducting an individualized bond hearing." Sarr v. Scott, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025); cf. Black v. Decker, 103 F.4th 133, 151 (2d Cir. 2024) (finding first Mathews factor "weighs heavily in favor" of petitioners where they were detained for "far longer" than the petitioner in Demore).

Further, the risk of erroneous deprivation is currently low where the duration of petitioner's detention does not exceed that of the petitioner in Demore, and petitioner presumably has an opportunity to challenge his inclusion in a mandatory detention category pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999). However, the risk of erroneous deprivation will increase over time as his detention becomes prolonged due to the "almost nonexistent procedural protections in place for section 1226(c) detainees." Black, 103 F.4th at 152.

Finally, precedent dictates that "[t]he government has an obvious interest in 'protecting the public from dangerous criminal aliens.'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). Indeed, in Demore, the Supreme Court expressly upheld the brief detention of criminal noncitizens without an individualized determination of dangerousness. See 510 U.S. at 528. While this factor currently favors the government, it too will tilt toward petitioner as his detention without an individualized determination of danger or flight risk becomes prolonged.

5

See Black, 103 F.4th at 153–54 ("The additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests.  At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees."); Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)).

On balance, the Mathews factors weigh against ordering a bond hearing at the current, three month juncture of petitioner's immigration detention.  Accordingly, the undersigned recommends that the habeas petition be denied.[2]

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to appoint counsel (ECF No. 3) is denied as unnecessary in light of the recommendation contained herein.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

////

////

---

[2]  These findings and recommendations do not preclude petitioner from seeking a bond hearing in a subsequent § 2241 petition at a later point in time should his detention become prolonged.

6

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE